UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| YOUNG SCHOLARS CHILD DEVELOPMENT CENTER, INC. | CIVIL ACTION NO. 09-1924 |
| VERSUS | JUDGE DOHERTY |
| COLONY INSURANCE COMPANY | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING ON MOTION TO REMAND**
*(Rec. Doc. 9)*

Before the undersigned is plaintiff's Motion to Remand. The motion is opposed. Oral argument was held on February 24, 2010.

*Background and Argument*

This matter was removed from a Louisiana state court on the basis of diversity jurisdiction, 28 U.S.C. §1332. Following removal, but prior to the filing of responsive pleadings by defendant, plaintiff amended its petition to add three non-diverse defendants, Young Scholars, LLC, Katherine Moran, and Eber J. Beadle.[1] The motion to remand followed. The litigation, as explained in plaintiff's motion and excerpted from plaintiff's allegations, is as follows.

According to plaintiff, in 2003, a credit sale was entered into between Young Scholars Child Development Center, Inc. (YSCDC) and Young Scholars, LLC (YS), in which YSCDC sold to YS land, buildings, furniture, fixtures and equipment for

---

[1]*First Supplemental and Amended Complaint* (Rec. Doc. 4).

1

$299,900.00. Some of the sale price was paid in cash, and the remainder was financed by YSCDC, in whose favor a seller's lien and privilege and a special mortgage was granted. YS agreed to keep the property insured against loss or damage in an amount of at least $300,000, with the proceeds payable to YSCDC. YS obtained a policy of insurance from Colony. However, plaintiff alleges the property was not adequately insured, and YSCDC was not made a loss payee on the policy.

The property was severely damaged during Hurricane Gustav, and YS made a claim under the insurance policy for damage to the property. Before any proceeds were actually paid by Colony, YSCDC filed a lawsuit in state court against YS seeking to enjoin it from utilizing any insurance proceeds for anything other than repair of the damaged property out of concern the money received from Colony might not be used to repair the property damage. YSCDC also alleges it put Colony on notice of its status as a mortgagee and loss payee. Finally, on November 12, 2008, a Consent Injunction was entered into in which YS and its employees, representatives and agents were enjoined from using any insurance proceeds for anything other than repair to the property.

Despite these measures, Colony allegedly made payment of $137, 512.64, to YS and not to YSCDC in violation of La.R.S. 9:5686 and it is under this statute YSDC seeks relief against Colony in the case before this Court.

YSCDC filed a supplemental and amended petition in the state suit against YS

adding as defendants Katherine Moran and Eber J. Beadle, the only two members of YS.[2] In the supplemental petition, plaintiff alleged despite being given notice of the Consent Injunction, Moran or Beadle had YS write checks to Moran or Beadle totaling at least $74,100, which came from insurance proceeds, in direct violation of the injunction, and upon information and belief, used the proceeds for their personal use.[3] For this, plaintiff seeks to hold Moran, Beadle and/or YS in contempt of the 15th Judicial District Injunction. Plaintiff also alleged Moran and Beadle were personally liable for the contractual and other obligations owed by YS to YSCDC, as they commingled YS and their personal funds, failed to provide separate bank accounts, credit cards and bookkeeping records, and failed to hold regular member and management meetings for YS's affairs.[4] Plaintiff seeks the same relief against these defendants in its amended complaint in this Court.

On May 28, 2009, YS filed bankruptcy.[5] On October 6, 2009, the U.S. Bankruptcy Court granted YS's motion to dismiss the bankruptcy proceedings, subject to payment by YS of the trustee's fees within 30 days. And on October 20, 2009, the bankruptcy proceeding was dismissed.[6]

---

[2] *Motion to Remand*, Exhibit 5 (Rec. Doc. 9-5).

[3] *Ibid.*

[4] *Ibid.*

[5] *Motion to Remand*, Exhibit 6 (Rec. Doc. 9-7).

[6] *Ibid.*, p. 7, referencing Exhibit 10 (Rec. Doc. 9-11).

Meanwhile, on October 8, 2009, YSCDC filed suit in state court against Colony. In its motion to remand, YS explains it made its claims against Colony in a separate suit because the original suit against YS was still stayed due to the bankruptcy proceedings, and YSCDC's claims against Colony could prescribe on October 9, 2009, one year from Colony's wrongful payment to YS. YSCDC explains it "intended to consolidate the two State Court cases once the Bankruptcy proceeding was dismissed and the original State Court suit was no longer stayed."[7] However, before it could consolidate the two lawsuits Colony removed the case against it to federal court on November 13, 2009.

In its motion to remand, YS argues its addition of Moran and Beadle was proper as a matter of right under Fed. R. Civ. P. Rule 15(a), as no responsive pleading had yet been filed and under Fed. R. Civ. P. Rule 20(a), as the right to relief asserted against Moran and Beadle arises out of the same transaction and occurrence as Colony, and there are questions of law or fact common to all defendants. Plaintiff argues "YSCDC's status as a loss payee, the amount of insurance procured by Young Scholars, Colony's wrongful payment of insurance proceeds to Young Scholars, and the misappropriation of these insurance proceeds by Young Scholars, Moran and Beadle" all involve common facts, and seek the same remedy - "payment for the damage done to the property in which YSCDC possesses a security interest."[8]

---

[7]*Ibid.* (Rec. Doc. 9-1), p. 6.

[8]*Motion to Remand* (Rec. Doc. 9-1), p. 8 - 9.

In opposition to remand, Colony argues plaintiff did not seek permission of the court to file the amended and supplemental complaint, in violation of Local Rule 7.4.1W, which prevented Colony from being heard on its opposition thereto. Moreover, Colony argues, even if Rule 7.4.1W did not require plaintiffs to seek leave of court prior to amending because no responsive pleadings had been filed, courts have recognized when such an amendment destroys diversity leave of court is required and should be analyzed under the factors of Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987).[9]

Colony argues the factors of Hengsens favor denying leave to amend. Specifically, Colony argues the sole purpose of the amendment is to destroy diversity, as "Colony has never been named a party defendant in the State Court suit brought by plaintiff in 2008, but the same non-Colony defendants sought to be added by amendment in this case have long been defendants in that State Court suit as to the same claims that plaintiff's amendment now seeks to bring again in this Court."[10] Colony argues plaintiff was dilatory, as it never added Colony as a defendant in the 2008 state court suit. Moreover, Colony argues, the suit against the non-diverse defendants is still pending in state court,

---

[9] See *Colony Insurance Company's Memorandum in Opposition to Plaintiff's Motion to Remand* (Rec. Doc. 15), p. 8, 9, citing Whitworth v. TNT Bestway Transp. Inc., 914 F.Supp. 1434, 1435 (E.D.Tex. 1996); Horton v. Scripto-Tokai, 878 F.Supp. 902 (S.D. Miss. 1995); Borne v. Siemens Energy & Automation, Inc., 1995 WL 15354 (E.D.La. 1995); Bevels v. American States Ins. Co., 100 F.Supp.2d 1309, 1312-3 (M.D. Ala. 2000); Ascension Enterprises, Inc. v. Allied Signal, Inc., 969 F.Supp. 359, 360-1 (M.D.La. 1997); 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil §1447 at 562 (2nd ed. 1990).

[10] *Ibid.,* p. 6.

and "no prejudice will befall plaintiff if it is not granted leave to amend in this case."[11] Finally, defendant argues, there is no risk of inconsistent results between this case and the state case, as the legal and factual issues in this case are not in any way related to those in the state court case.[12]

In reply, YSCDC argues it may amend of right under Fed. R. Civ. P. Rule 15(a), as no responsive pleading had been served at the time it filed its amended petition. Moreover, Fed. R. Civ. P. Rule 20 supports the amendment as "it allows joinder of defendants in situations where a right to relief is asserted against the defendants jointly, severally, or in the alternative, with respect to and arising out of the same transactions or occurrences, and when there is also a question of law or fact."[13] YSCDC argues the right to relief is pled against all defendants jointly, severally or in the alternative, and all of the claims arise out of the same transaction or occurrence.

YSCDC also argues the Hensgen's factors all favor amendment and remand. First, YSCDC argues the amendment was not dilatory, as it was filed less than two weeks after removal. Moreover, it was not filed simply to defeat diversity. The state court lawsuit against the non-diverse defendants was stayed due to bankruptcy proceedings by YS, and

---

[11]*Ibid*.

[12]*Colony Insurance Company's Memorandum in Opposition to Plaintiff's Motion to Remand* (Rec. Doc. 15), p. 6.

[13]*Reply Memorandum on Behalf of Young Scholars Child Development Center, Inc.* (Rec. Doc. 16), p. 2.

YSCDC had to file its suit against Colony separately to avoid prescription on its claims against Colony. YSCDC intended to consolidate the two suits, but Colony removed the suit against it prior to consolidation. YSCDC argues it will be significantly injured if the amendment is denied and the case is not remanded, as the claims will be litigated in separate proceedings in separate forums, and inconsistent verdicts could be rendered.

At oral argument, counsel for plaintiff clarified he and his client had no knowledge YS had received any insurance funds from Colony until YS filed bankruptcy proceedings. When YSCDC received a copy of the schedules in the bankruptcy, the funds from Colony were listed as received by YS. As a result, YS did not know it even had a claim against Colony until sometime in 2009 while the bankruptcy, and concomitant stay under 11 U.S.C. §362, was pending. Once that was discovered, YSCDC filed the suit against Colony in state court to avoid a prescription defense.

Although plaintiff concedes that the relief sought in its prayer against Colony under La.R.S. 9:5686 cannot be recovered from YS and/or its principals, nor can the relief sought from YS and its principals be recovered from Colony, there will nevertheless be prejudice to the plaintiff in the form of inconsistent verdicts if the defendants are not joined and the cases remained in different forums. Plaintiff explained its recovery against Colony in the federal suit will require it to establish YSCDC was a loss payee on the insurance policy and was entitled to the proceeds by preference and priority over YS. Likewise, in the state court litigation, YS, Moran and Beadle will almost certainly

contend, as a defense to their breach of contract claim, that YSCDC was not required to be a loss payee and/or was not otherwise entitled to the proceeds of the insurance payment made by Colony. Therefore, it is possible plaintiff could be found to be a loss payee and/or otherwise not entitled to the proceeds from Colony in one suit, and have the exact opposite result in another.

### *Applicable Law and Discussion*

Rule 15(a) allows a party to file an amended complaint, without leave of court, prior to a responsive pleading being filed. No responsive pleading had been filed in this matter at the time of the amendment, and therefore plaintiff was not required to seek leave of court to file same. However, several courts have held, as does the undersigned, that when an amendment destroys diversity, leave of court is required even though the amendment is filed prior to the filing of responsive pleadings.[14]

Therefore, the undersigned must determine whether YSCDC should be given leave

---

[14]See Ascension Enterprises, Inc. v. Allied Signal, Inc., 969 F.Supp. 359 (M.D.La. 1997), citing  Whitworth v. TNT Bestway Transp., 914 F.Supp. 1434, 1435 (E.D.Tx.1996); see also Horton v. Scripto-Tokai Corp., 878 F.Supp. 902, 908 (S.D.Miss.1995); Borne v. Siemens Energy & Automation, 1995 WL 15354 (E.D.La. Jan.17, 1995); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil, § 1477 at 562 (2d Ed.1990):
> In assessing the apparent conflict between § 1447(e) and Rule 15(a), courts have held that "[w]hen an amendment will destroy diversity, leave of court is required even though the existing defendant ... ha[s] not yet filed responsive pleadings." In other words, "a party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action." Thus, § 1447(e) trumps Rule 15(a).
> Ascension Enterprises, Inc., 969 F.Supp. at 360.

8

to file its First Supplemental and Amended Complaint.  Under Hensgens v. Deere & Company, 833 F.2d 1179, 1182 (5th Cir. 1987), "when faced with an amended pleading naming a new nondiverse defendant in a removed case, [the district court] should scrutinize that amendment more closely than an ordinary amendment. "  The factors to be considered are 1) whether the purpose of the amendment is to defeat federal jurisdiction; 2) whether plaintiff has been dilatory in asking for the amendment; 3) whether plaintiff will be significantly injured if amendment is not allowed; and 4) any other factor bearing on the equities.  Hensgens, 833 F.2d at 1182.

      The undersigned finds the Hensgen's factors militate in favor of allowing the amendment.  First, the purpose of the amendment is not to destroy diversity jurisdiction, although that is a consequence.  As plaintiff explained, it was not even aware insurance proceeds had been paid by Colony until after YS declared bankruptcy, and filed suit against Colony alone, before the prescription period ran, because the case against YS was stayed due to the bankruptcy.  Secondly, plaintiff was not dilatory in filing the amendment.  Plaintiff explained the action against the state court defendants was stayed due to YS's bankruptcy, and thus suit had to be brought against Colony alone prior to the stay being lifted.  Plaintiff intended to consolidate the two actions when the stay was lifted, but prior to doing so, Colony removed this action to this court.  Plaintiff quickly filed the amendment adding the non-diverse defendants less than one month after the removal.  Thirdly, plaintiff may be significantly injured if the amendment is not allowed,

due to the possibility of inconsistent finding regarding its status as a loss payee, and an attendant risk of inconsistent verdicts.

Therefore, the undersigned finds an analysis of the <u>Hensgens</u> factors favors allowing the amendment to add the non-diverse defendants.

### *Conclusion*

The amendment adding non-diverse parties YS, Beadle and Moran is granted, and the addition of these parties destroys diversity subject matter jurisdiction under 28 U.S.C. §1332. There being no other basis of subject matter jurisdiction alleged, the undersigned finds remand to the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana, appropriate.

Lafayette, Louisiana, this 1st day of March, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)