RECEIVED
MAY 13 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

To: All Counsel of Record

Issued By: Judge Rebecca F. Doherty

Re: Young Scholars Child Development Center Inc. v. Colony Insurance Co., et al
Civil Action No. 6:09-cv-1924

Date: May 13, 2010

## MINUTE ENTRY

This Court has received notice that defendant Katherine Moran filed a Petition in Bankruptcy on April 29, 2010, Case No. 10-50623 in the United States Bankruptcy Court for the Western District of Louisiana. [Doc. 32] (A review of the bankruptcy court docket sheet shows defendant filed a voluntary petition for relief pursuant to chapter 7 of Title 11 of the United States Code.) Pursuant to 11 U.S.C. § 362(a), a mandatory stay of all claims against the debtor took effect at the time of the filing of the bankruptcy petition and, for the purpose of clarifying the debtor's status herein, this Court acknowledges that all claims against Katherine Moran are STAYED pending notice from the presiding bankruptcy court that the stay has been lifted.

In order to permit counsel to take stock of the effect of the bankruptcy stay upon further proceedings herein, this matter is hereby STAYED for thirty (30) days, or until June 14, 2010. On or before that date, counsel for all parties (other than the debtor) are ORDERED to confer for the purpose of ascertaining whether or not all parties can reach an agreement as to how further proceedings in this matter should be handled. On or before the deadline, counsel shall jointly report to the Court, in writing, the results of their decisions. If the parties are unable to reach an agreement, a status conference will be scheduled by the Court for further discussion of the pertinent issues.

Counsel are advised that in the event any party seeks to have the stay of this matter extended beyond 30 days over objection of another party, the movant will be required to demonstrate the existence of a "clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else," as discussed in Wedgeworth v. Fibreboard Corporation, 706 F.2d 541 (5th Cir. 1983)(quoting Landis v. North American Co., 299 U.S. 248, 255 (1936).[1] See also Arnold v. Garlock, Inc., 278 F.3d 426, 436 (5th Cir. 2001)("Section 362 is rarely, however, a valid basis on which to stay actions against non-debtors.")

---

[1] "[T]he protections of § 362 neither apply to co-defendants nor preclude severance." Wedgeworth at 544.